UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-122-TAV-JEM |
| NEHEMIAN UZIEL GONZALEZ, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties came before the undersigned on April 8, 2025, for a scheduled pretrial conference and evidentiary hearing on Defendant's Motion to Suppress [Doc. 29] and Motion for Continuance of Trial Date by the Defendant Nehemian Uziel Gonzalez [Doc. 33]. Assistant United States Attorney Michael Thomas Gilmore appeared for the Government. Attorney Mark E. Brown represented Defendant Nehemian Gonzalez, who was also present.

The undersigned permitted Defendant to file a belated suppression motion upon a showing of good cause and lack of opposition by the Government [Doc. 32]. The parties presented evidence and argument on the suppression motion on April 8, 2025. At the conclusion of the hearing, the parties addressed Defendant's motion to continue the April 22, 2025 trial date. Defendant asks to continue the trial to permit litigation and a ruling on his suppression motion [Doc. 33 p. 1]. Defendant acknowledges that the delay from the filing of his suppression motion to its disposition is excludable under the Speedy Trial Act [*Id.*]. The motion to continue relates that the Government does not object to a continuance [*Id.*]. The parties affirmed their positions at the hearing and agreed to a new trial date of September 9, 2025.

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id*. § 3161(h)(7)(B)(iv). In this regard, on March 17, 2025, Defendant filed a dispositive motion seeking to suppress evidence seized following a traffic stop of a vehicle in which Defendant was a passenger. *See id*. § 3161(h)(1)(D). The undersigned held an evidentiary hearing on the motion, which involved the testimony of three witnesses and six exhibits, including clips from one officer's dash camera video and another officer's body camera video [*See* Doc. 38]. After review of this evidence, the parties' arguments, and the relevant case law, the undersigned must prepare a report and recommendation, the parties will file objections and responses, and the District Judge will rule on the motion considering the report and recommendation and the parties' filings. *See id*. § 3161(h)(1)(D) & (h)(1)(H). After receiving the Court's ruling, the parties may need time to prepare for trial. The Court finds that all this cannot occur before the April 22, 2025 trial date. The parties agreed to a new trial date of September 9, 2025.

The Court therefore **GRANTS** Defendant's unopposed motion to continue the trial. The trial of this case is reset to September 9, 2025. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of Defendant's motion to suppress evidence on March 17, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion for Continuance of Trial Date [**Doc. 33**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 9, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of Defendant's Motion to Suppress on **March 17, 2025**, and the new trial date of **September 9, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 8, 2025**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **August 19, 2025, at 11:00 a.m.**;

(6) the deadline for filing motions in limine is **August 18, 2025**, and responses to motions in limine are due on or before **August 29, 2025**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 29, 2025**.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill. E. McCook
United States Magistrate Judge