UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:24-CR-122-TAV-JEM |
| ) | |
| NEHEMIAN UZIEL GONZALEZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Nehemian Uziel Gonzalez's Motion to Continue the Trial Date and All Related Deadlines [Doc. 51], filed on November 3, 2025.

Defendant requests the Court to continue the trial date, set for December 2, 2025, and all related pretrial deadlines [*Id.* at 1]. In support of his motion, Defendant states that his counsel and the United States Attorney's Office have been discussing a plea, but no formal plea offer has been extended [*Id.* ¶ 1]. When a plea offer is extended, Defendant's counsel would need to review the plea offer with Defendant and Defendant would need to decide whether to accept it or proceed to trial. [*Id.*]. Defendant is currently held at the Laurel County Detention Center in London, Kentucky [*Id.*]. Furthermore, Defendant's counsel has several other civil and criminal matters during the month of November [*Id.* ¶ 4]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 5]. Defendant understands that the period of time between the filing of the motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 4].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to receive and consider a formal plea offer, and if that does not resolve the case, otherwise prepare for trial. The Court finds that all of this cannot occur before the December 2, 2025 trial date.

The Court therefore **GRANTS** Nehemian Uziel Gonzalez's Motion to Continue the Trial Date and All Related Deadlines [**Doc. 51**]. The trial of this case is reset to **March 31, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 3, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Nehemian Uziel Gonzalez's Motion to Continue the Trial Date and All Related Deadlines [**Doc. 51**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 31, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 3, 2025**, and the new trial date of **March 31, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

2

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 27, 2026**;

(5) the deadline for filing motions *in limine* is **March 16, 2026**, and responses to motions *in limine* are due on or before **March 24, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 17, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 20, 2026.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge