UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,                )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          No. 3:24-CR-122-TAV-JEM
                                         )
NEHEMIAN UZIEL GONZALEZ,                 )
                                         )
                    Defendant.           )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Nehemian Gonalez's Motion to Continue Trial and Related Deadlines [Doc. 59], which he filed on March 18, 2026.

Defendant asks the Court to continue the March 31, 2026 trial date and to reopen and extend the plea deadline [*Id*. at 1]. As grounds, Defendant states that defense counsel was substituted on March 17, 2026, and needs time to review the discovery, which she has yet to receive from the Government [*Id*. ¶ 1]. Counsel also needs time to confer with Defendant about the discovery and legal issues [*Id*. ¶ 2]. Defendant informs the Court that the Government does not object to the requested continuance [*Id*. ¶ 3]. Defendant understands the need for a trial continuance and that the continuance will affect the speedy trial calculation in this case [*Id*. ¶ 4].

Based upon the information in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both

result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, defense counsel needs time to review the discovery, to meet with Defendant on the discovery and legal issues,[1] and to prepare for trial. The Court finds that this cannot occur before the March 31, 2026, trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and Related Deadlines [**Doc. 59**]. The trial date is reset to **June 30, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on March 18, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial and Related Deadlines [**Doc. 59**] is **GRANTED**;

(2) the trial date is reset to commence on **June 30, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 18, 2026**, and the new trial date of **June 30, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 29, 2026**;

---

[1] Although defense counsel requests an extension of all deadlines, the Court declines to reopen the motion deadline in this case. The motion deadline expired more than a year ago on February 10, 2025 [*See* Doc. 23 p. 3]. Defendant has already litigated a late suppression motion [*See* Doc. 50; *see also* Doc. 32]. If defense counsel determines a pretrial motion is necessary, she must file a motion for leave to file the motion out of time, demonstrating good cause for the late filing and attaching a copy of the proposed motion.

2

(5) the deadline for filing motions *in limine* is **June 15, 2026**, and responses to motions *in limine* are due on or before **June 23, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 16, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 19, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3