UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEHEMIAH UZIEL GONZALEZ,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:24-CR-122-TAV-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Nehemiah Gonzalez's Unopposed Motion to Continue Trial and Related Deadlines [Doc. 64], which he filed on August 16, 2026.

Defendant Gonzalez asks the Court to continue the trial and related deadlines previously set by the Court [*Id.*]. In support, Defendant states his counsel was appointed in March and needs additional time to adequately review the discovery and law with Defendant, as well as complete related investigations [*Id.* ¶¶ 1–2]. Defendant states counsel for the Government has no objection to a continuance [*Id.* ¶ 3]. Defendant confirms his understanding of his speedy trial rights and that a continuance will necessarily affect the computation of time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance

would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, Defendant's counsel needs additional time to investigate and review the discovery and law with Defendant and, if necessary, prepare for trial. The Court finds that this cannot occur before the October 6, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial and Related Deadlines [**Doc. 64**]. The trial date is reset to **January 12, 2027**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on August 16, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Unopposed Motion to Continue Trial and Related Deadlines [**Doc. 64**] is **GRANTED**;

(2) the trial date is reset to commence on **January 12, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 16, 2026**, and the new trial date of **January 12, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 11, 2026**;

(5) the deadline for filing motions *in limine* is **December 28, 2026**, and responses to motions *in limine* are due on or before **January 5, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 29, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 4, 2027**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge